IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION



TARRAN KYLES,

    Petitioner,

VS.                  No. 05-1260-T/An

RICKY J. BELL,

    Respondent.

---

ORDER CORRECTING THE DOCKET
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Petitioner Tarran Kyles, Tennessee Department of Correction prisoner number

123535, an inmate at the Riverbend Maximum Security Institution ("RMSI") in Nashville,

Tennessee, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 on August 31, 2005 in the

United States District Court for the Middle District of Tennessee, along with an application

seeking leave to proceed *in forma pauperis*. On August 31, 2005, District Judge Aleta A.

Trauger issued an order granting leave to proceed *in forma pauperis* and transferring the

petition to the Western District of Tennessee, where it was docketed on September 15, 2005.

The Clerk shall record the respondent as RMSI warden Ricky J. Bell, and shall terminate

Tennessee Attorney General Paul G. Summers and Assistant Attorney General John H.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on __11/8/05__

Bledsoe as respondents to this case.[1] The clerk has also docketed three letters to this judge from Kyles, all of which were received on October 13, 2005, concerning his petition.[2]

I.    STATE COURT PROCEDURAL HISTORY

Kyles was convicted following a jury trial in the Madison County Circuit Court on an unspecified date of felony murder and especially aggravated robbery in connection with the murder of Howard Moore on January 14, 1995. He was sentenced to life without parole for the felony murder and to a consecutive term of thirty-five (35) years, as a Range II multiple offender, for the especially aggravated robbery. The Tennessee Court of Criminal Appeals affirmed. State v. Kyles, No. 02C01-9807-00203, 1999 WL 498536 (Tenn. Crim. App. July 15, 1999), *perm. app. denied* (Tenn. Nov. 29, 1999).

Kyles filed a *pro se* petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-101 to -122,[3] in the Madison County Circuit Court on July 14, 2000. On July 21, 2000, the postconviction court entered a preliminary order summarily dismissing the postconviction petition because the issue presented, concerning accomplice corroboration, was previously determined on direct appeal

_____

[1]  Although Kyles listed Attorney General Summers and Assistant Attorney General Bledsoe as the respondents, the proper respondent to a habeas petition is the warden of the facility in which the petitioner is incarcerated. Rumsfeld v. Padilla, 124 S. Ct. 2711, 2718 (2004).

[2]  The Court has received additional letters from Kyles since October 13th, which the Clerk has been instructed to return to him unfiled. The Court generally does not act on letters, but on pleadings and motions.

[3]  At the time of petitioner's postconviction proceedings, the Act was codified at Tenn. Code Ann. §§ 40-30-201 to -222. The statutory provisions were renumbered as Tenn. Code Ann. §§ 40-30-101 to -122 in 2003, without changing their substance. References to the Act in this order use the current numbering system.

and could not be relitigated in a postconviction petition. Kyles filed an untimely notice of appeal, and the Tennessee Court of Criminal Appeals waived the timeliness issue in the interest of justice and affirmed the dismissal of the petition. Kyles v. State, No. W2000-02152-CCA-R3-PC, 2001 WL 1042155 (Tenn. Crim. App. Dec. 17, 2001).

II.   PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, Kyles raises the following issues:

1.   His conviction was based on the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant;

2.   His conviction was based on the use of evidence obtained pursuant to an unlawful arrest;

3.   His conviction was based on use of a coerced confession; and

4.   His conviction was based on the action of a grand or petit jury that was unconstitutionally selected and impaneled.

III.   ANALYSIS OF THE MERITS

The first issue to be addressed is the timeliness of this petition. Twenty-eight U.S.C. § 2244(d) provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented

3

> from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Application of these provisions in this case is straightforward. State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). In this case, the Tennessee Supreme Court denied permission to appeal the decision of the Tennessee Court of Criminal Appeals on direct appeal on November 29, 1999, and the time for filing a petition for a writ of certiorari expired ninety days later, on February 28, 2000.[4] The running of the limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Kyles filed his postconviction petition on July 14, 2000. By that time, one hundred thirty-seven (137) days of the one-year limitations period had elapsed. The Tennessee Court of Criminal Appeals affirmed the dismissal of the postconviction petition on December 17, 2001, and the running of the limitations period recommenced on February 15, 2002, the expiration of

---

[4]   Because the ninetieth day fell on Sunday, February 27, 2000, Kyles had until the next day to file a timely petition. Sup. Ct. R. 30.1.

the time for filing an application for permission to appeal to the Tennessee Supreme Court. Tenn. R. App. P. 11(b).[5]  At that time, two hundred twenty-eight (228) days remained in which to file a timely § 2254 petition.  That time expired on October 1, 2002.  Kyles's petition was signed on July 5, 2005 and, even if it is deemed to be filed on that date, see Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491, 497-98 & n.8 (6th Cir. 2002), it is clearly time barred.[6]

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling.  Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions).  Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights;  (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.[7]

---

[5]  Because Kyles did not seek leave to appeal to the Tennessee Supreme Court, he was not entitled to seek review in the United States Supreme Court.  See Sup. Ct. R. 13.1.

[6]  Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances.  In this case, however, an examination of Kyles's petition reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

[7]  This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases.  Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . .  Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by *pro se* litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[8]

Kyles cannot satisfy his burden of demonstrating that equitable tolling would be

---

[8] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

appropriate in this case. The petition was filed almost three years after the expiration of the limitations period, and it contains no explanation for the dilatory filing. For the reasons previously stated, Kyles's apparent ignorance of the law provides no basis for tolling of the limitations period.

Accordingly, the Court DISMISSES the petition, in its entirety, as time barred.

IV.   APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

> (1)   Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>     (A)   the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>     (B)   the final order in a proceeding under section 2255.
> (2)   A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3)   The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No habeas petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" <u>Slack</u>, 529 U.S. at 484 (quoting <u>Barefoot</u>, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in <u>Slack</u> held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in <u>Slack</u> would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003) (quoting <u>Barefoot</u>, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

<u>Id.</u> at 338 (quoting <u>Barefoot</u>, 463 U.S. at 893); <u>see also</u> <u>id.</u> at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA: "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[9]

---

[9]  By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." <u>Miller-El</u>, 537 U.S. at 337. Instead, the COA requirement implements

In this case, there can be no question that this petition is time barred and that any appeal by this petitioner on any of the issues raised in this petition does not deserve attention. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* and supporting affidavit in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is DENIED. Accordingly, if petitioner

---

a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this _____ day of November, 2005.


JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in
case 1:05-CV-01260 was distributed by fax, mail, or direct printing on
November 8, 2005 to the parties listed.

---

Tarran Kyles
123535
7475 Cockrill Bend Industrial Rd.
Nashville, TN 37243

Honorable James Todd
US DISTRICT COURT